Spencer P. Hugret (CA Bar No. 240424)
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.986.5900
Facsimile: 415.986.8054
E-mail: shugret@grsm.com

Darin J. Lang (CO Bar 32343) (*Pro Hac Vice Pending*)
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: 303.583.9900
Facsimile: 303.583.9999
E-Mail: darin.lang@nelsonmullins.com

Attorneys for Defendant General Motors LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR WILLHELM NILSSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>　　　　Defendant. | Case No. 4:18-cv-00471-JSW<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

Defendant General Motors LLC ("GM") files this Answer to the Complaint (Doc. No. 1) filed by Plaintiff Oscar Willhelm Nilsson ("Plaintiff").

## ANSWER

Each numbered paragraph below corresponds to the same numbered paragraph in the Complaint.

## JURISDICTION

1. GM denies that there is complete diversity of citizenship between the parties to this litigation for lack of knowledge or information sufficient to form a belief about the truth of that allegation. GM affirmatively avers that it is a citizen of Delaware and Michigan for purposes of diversity jurisdiction. GM admits that Plaintiff has claimed that the amount in controversy exceeds $75,000.00. GM denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. GM admits the allegations set forth in paragraph 2 of the Complaint.

## PARTIES

3. GM denies the allegations set forth in paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

4. GM admits that it is a business entity with a principal place of business at 300 Reniassance Center, Detroit, Michigan 48232. GM admits that it is in the business of manufacturing, supplying and marketing GM-brand motor vehicles as well as selling such motor vehicles, through authorized GM dealerships, throughout the United States, including in San Francisco, California. GM denies the remaining allegations set forth in paragraph 4 of the Complaint.

## ALLEGATIONS OF FACT

5. GM admits that on the morning of December 7, 2017, Plaintiff was on his motorcycle proceeding east on Oak Street in the city of San Francisco, California. GM affirmatively avers that Plaintiff was splitting lanes, proceeding straight, along the dashed white line between the center lane and the right lane of the three-lane road. GM denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. GM admits that at approximately the same time that Plaintiff was proceeding east on Oak Street, Mr. Salazar was in the driver's seat of a 2016 Chevrolet Bolt (hereinafter "Bolt"), manufactured by GM, that was also traveling east

on Oak Street. GM denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. GM admits that at approximately the same time Plaintiff was proceeding east on Oak Street, the Bolt was traveling east on Oak Street in autonomous mode. GM affirmatively avers that the Bolt was traveling in the center lane of the three-lane road. GM denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. GM denies the allegations set forth in paragraph 8 of the Complaint, as phrased. GM affirmatively avers that Plaintiff was never at any point occupying the center lane in a position behind the Bolt.

9. GM denies as untrue the allegations set forth in paragraph 9 of the Complaint.

10. GM denies as untrue the allegations set forth in paragraph 10 of the Complaint.

11. GM denies the allegations set forth in paragraph 11 of the Complaint, as phrased. GM affirmatively avers that an accident occurred when Plaintiff steered from his lane-splitting position and struck the Bolt, and that as a result of this contact, Plaintiff and his motorcycle fell over. GM denies any remaining allegations set forth in paragraph 11 of the Complaint.

12. GM denies the allegations set forth in paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

13. GM denies the allegations set forth in paragraph 13 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

## COUNT I - NEGLIGENCE

14. In response to the allegations set forth in paragraph 14 of the Complaint, GM incorporates and restates its responses to paragraphs 1 – 13 of the Complaint as though fully set forth in this paragraph.

15. The allegations set forth in paragraph 15 of the Complaint are legal conclusions and do not require a response.  To the extent a response is required, GM admits that the Bolt was required to use reasonable care in driving, just as Mr. Nilsson was required to use reasonable care in driving his motorcycle.

16. GM denies as untrue the allegations set forth in paragraph 16 of the Complaint.

17. GM denies the allegations set forth in paragraph 17 of the Complaint, insofar as they relate to the nature and extent of Plaintiff's injuries and damages, for lack of knowledge or information sufficient to form a belief about the truth of those allegations. GM denies as untrue the remaining allegations set forth in paragraph 17 of the Complaint.

GM denies all allegations set forth in the Complaint not specifically admitted above.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no responsive pleading is necessary.  To the extent a responsive pleading is required, GM specifically denies that Plaintiff is entitled to the relief requested in the Complaint. GM respectfully requests entry of judgment in its favor as follows:

1. Dismissal of the claim against GM in this action with prejudice; and
2. All other relief that the Court deems just and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred or limited by his own negligence, including his failure to abide by California traffic laws, his failure to allow sufficient space between his motorcycle and other vehicles, his failure to exercise reasonable care in changing lanes, and his failure to exercise reasonable care in operating his motorcycle, which contributed to or was the sole cause of his alleged injuries and damages.

3. Plaintiff's non-economic damages, if any, and the liability of GM, if any, should each be reduced in proportion to the amount of the comparative fault of those responsible, in accordance with the provisions of California Civil Code § 1431.2.

4. Plaintiff's claims are barred or limited by his voluntary and knowing assumption of the risk of, among other things, traveling faster than the flow of surrounding traffic and riding his motorcycle in between lanes of traffic.

5. Plaintiff's alleged damages and/or injuries may be the result of preexisting conditions or subsequent acts or omissions which are unrelated to the accident described in the Complaint.

6. Plaintiff has failed to mitigate his damages, if any, and that failure has proximately caused the damages alleged in the Complaint. The amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

7. Plaintiff has not properly pled and has not alleged any conduct by GM that could give rise to any claim for punitive damages. These claimed damages are improper based on the factual allegations of Plaintiff's Complaint and are otherwise barred or limited by the provisions of California Civil Code sections 3294, 3295, and 3296, the California Constitution, and the United States Constitution.

GM reserves the right to assert additional affirmative defenses after it has had an opportunity to conduct further investigation and until the substantial completion of discovery.

///
///
///
///
///
///
///
///

# JURY TRIAL DEMAND

GM demands a jury trial on all issues so triable.

DATED: March 30, 2018    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Spencer P. Hugret (CA Bar No. 240424)
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.986.5900
Facsimile: 415.986.8054
E-mail: shugret@grsm.com

Darin J. Lang (*Pro Hac Vice Pending*)
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: 303.583.9900
Facsimile: 303.583.9999
E-Mail: darin.lang@nelsonmullins.com

*Attorneys for Defendant GENERAL MOTORS LLC*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on **March 30, 2018**, I electronically filed **ANSWER AND DEMAND FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

_____
Spencer P. Hugret